IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TURNER MYER, III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL NO. H-04-4863 |
| | § | |
| AFBCMR BOARD, et al., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION**

Pending before the court[1] are 1) Plaintiff's "MOTION FOR 5-25-73 AFM 39-12, SEC A, CH2 MENTAL DISCHARGE OF DD FORM 214" (Docket Entry No. 4); 2) Plaintiff's "MOTION OF REQUEST FOR MY SERVICE CONNECTION, EYE PROBLEM. USAF MEDICAL RECORD DATE 16-7-71" (Docket Entry No. 5); and 3) Defendant United States' Motion to Dismiss (Docket Entry No. 6). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, Defendant United States' Motion to Dismiss is **GRANTED**. Plaintiff's motions are **DENIED AS MOOT**.

### **I. Case Background**

Plaintiff seeks judicial review of a decision of the Air Force Board for Correction of Military Records ("AFBCMR").[2] Plaintiff served in the United States Air Force from October 15, 1968, until

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry No. 17.

[2] See Plaintiff's Original Complaint, Docket Entry No. 1, pp. 9-10.

May 25, 1973.[3]  Plaintiff was discharged under "honorable conditions (general)" for "apathy and defective attitude as observed by [his] supervisors and his failure to adhere to Air Force weight standards."[4]  The period of Plaintiff's active service totaled four years, seven months, and eleven days.[5]  He held the grade of sergeant at the time of discharge.[6]

In 1983, Plaintiff filed an application with the AFBCMR to correct his military records.[7]  The AFBCMR denied his application.[8]  In 1992, Plaintiff filed suit in the Galveston District of the Southern District of Texas, seeking judicial review of the Air Force Discharge Review Board's decision upholding his general discharge and the AFBCMR's denial of his application for correction.[9]  Plaintiff's lawsuit was dismissed on motion by the defendants in that suit.[10]  The court dismissed Plaintiff's claims relating to veteran's benefits for lack of subject matter jurisdiction and Plaintiff's claims relating to his discharge

---

[3]   Id. at Addendum to Record of Proceedings AFBCMR, p. 1.

[4]   Id.

[5]   Id.

[6]   Id.

[7]   See id. at Report and Recommendation, p. 1.

[8]   See id. at pp. 1-2.

[9]   See id.

[10]  See id. at p. 10.

status as time-barred.[11]

On January 1, 2004, Plaintiff again petitioned the AFBCMR to correct his military record.[12] He requested that his record reflect that "he was retired in the grade of staff sergeant by reason of physical disability . . . with all back pay and allowances."[13] On November 30, 2004, the AFBCMR denied Plaintiff's petition.[14] Two weeks later, the AFBCMR denied Plaintiff's request for reconsideration of the decision.[15]

Plaintiff, pro se, then filed his original complaint on December 30, 2004.[16] In the complaint, Plaintiff named the AFBCMR Board, each of the AFBCMR panel members who considered his application, and the AFBCMR medical consultant as defendants.[17] Plaintiff seeks staff sergeant rank and retired disability pay dating back to May 1973.[18]

---

[11] Id.

[12] Id. at Application for Correction of Military Record.

[13] Id. at Addendum to Record of Proceedings AFBCMR, p. 1.

[14] Id. at p. 3; see also "OBJECTION MOTION OF PLAINTIFF AND TO DISMISS THE UNITED STATES' MOTION" ("Plaintiff's Response"), Docket Entry No. 8, attach. 1, letter from the AFBCMR to Plaintiff dated Nov. 30, 2004.

[15] Plaintiff's Response, Docket Entry No. 8, attach. 2, letter from the AFBCMR to Plaintiff dated Dec. 16, 2004.

[16] Docket Entry No. 1.

[17] Id. By supplemental complaint, Plaintiff added the executive director of the AFBCMR as a defendant. See Supplement to Complaint, Docket Entry No. 3, p. 3.

[18] Plaintiff's Original Complaint, Docket Entry No. 1, at pp. 6-7, 9-10.

On March 07, 2005, the United States[19] moved to dismiss Plaintiff's complaint for failure of service and lack of subject matter jurisdiction.[20] Defendant's motion is based on the Federal Rules of Civil Procedure 4(i) and 12(b)(1), respectively.[21] Because the court finds that Plaintiff's suit should be dismissed for lack of subject matter jurisdiction, the court does not address Defendant United States' argument concerning service.

## II. Legal Standard

Pursuant to the federal rules, dismissal of an action is appropriate whenever the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(1); 12(h)(3). The party asserting jurisdiction bears the burden of proof. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court may decide the motion on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. The court, in determining whether it is properly vested with subject matter jurisdiction, is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)(quoting Montez

---

[19] All of the defendants are officers and agencies of the United States.

[20] See Defendant's Motion to Dismiss, Docket Entry No. 6.

[21] Id.

v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004)).

The court should decide the Rule 12(b)(1) motion before addressing any attack on the merits. Ramming, 281 F.3d at 161. A dismissal of a complaint pursuant to Rule 12(b)(1) "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." Id.

### III. Analysis

Defendant United States moves for dismissal based on the assertion that the United States Court of Federal Claims ("Court of Federal Claims") has exclusive jurisdiction over Plaintiff's claims pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2); 1491. Neither Plaintiff's complaint nor his response to Defendant's motion[22] alleges any basis for subject matter jurisdiction.

Federal district courts have limited authority to hear cases. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). A district court's jurisdiction is further circumscribed by sovereign immunity in cases against the United States. Beall v. United States, 336 F.3d 419, 421 (5th Cir. 2003). A waiver of sovereign immunity cannot be implied, but must be explicit. Lundeen v. Mineta, 291 F.3d 300, 304 (5th Cir. 2002). The court's jurisdiction extends only as far as the terms of the waiver. Wilkerson v.

---

[22] As the court reads Plaintiff's response, he understood the Report and Recommendation issued in his 1992 case to order him to exhaust administrative remedies. See Plaintiff's Response, Docket Entry No. 8, pp. 2-3.

5

United States, 67 F.3d 112, 118 (5th Cir. 1995).

As Plaintiff is pro se, the court owes him a duty to construe his complaint liberally. See Brinkmann v. Johnston, 793 F.2d 111, 112 (5th Cir. 1986). Therefore, despite Plaintiff's failure to allege a basis for jurisdiction, the court considers several possible avenues: the Little Tucker Act, 28 U.S.C. § 1346(a)(2); the Administrative Procedure Act, 5 U.S.C. §§ 702, 704; the Mandamus Act, 28 U.S.C. § 1361; and the Declaratory Judgment Act, 28 U.S.C. § 2201.

### A. **The Little Tucker Act**

The Little Tucker Act grants district courts concurrent jurisdiction with the Court of Federal Claims over any action or claim "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort" (with certain exceptions). 28 U.S.C. § 1346(a)(2). Claims in excess of $10,000 must be filed in the Court of Federal Claims. See 28 U.S.C. §§ 1346(a); 1491. In other words, the waiver of sovereign immunity in district court extends only to claims under $10,000.

As indicated in his complaint, Plaintiff seeks disability retirement pay for a period of more than thirty years. Although Plaintiff places no specific value on the damages sought, the court

concludes that they must exceed $10,000. He certainly has not opted to limit his claim to less than $10,000. In addition to the clear request for monetary damages, Plaintiff seeks an upgrade in his rank. However, the fact that Plaintiff's request partially appears in the form of declaratory relief does not obscure that, at the heart of his request, is Plaintiff's ultimate goal of obtaining monetary relief from the United States. See Amoco Prod. Co. v. Hodel, 815 F.2d 352, 362 (5th Cir. 1987); Carter v. Seamans, 411 F.2d 767, 771 (5th Cir. 1969). The increase in rank holds no effect or value apart from increasing the sum of his disability benefits. See Amoco Prod. Co., 815 F.2d at 362. Thus, the Little Tucker Act prohibits this court from hearing Plaintiff's claims.[23]

B. **The Mandamus Act**

The Mandamus Act grants district court jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Before issuing a writ of mandamus, the court must find that: 1) the plaintiff has a clear right to relief; 2) the defendant has a clear duty to act; and 3)

---

[23] The Fifth Circuit has stated that, if the Court of Federal Claims has exclusive jurisdiction pursuant to the Tucker Act, district courts are not allowed to adjudicate those issues, even if some other statute would confer jurisdiction. Wilkerson, 67 F.3d at 118. So, even if Plaintiff arguably has raised a claim under another statute not discussed herein, he still must seek relief in the Court of Federal Claims. For example, if he intended to raise a claim under the Privacy Act, 5 U.S.C. §§ 552a(d)(3), (g)(1), for the correction of his military record, the only reason he has done so is to increase the amount of disability benefits owing. Under Wilkerson, the claim, being ancillary to a Tucker Act Claim, must be heard by the Court of Federal Claims.

no other adequate remedy is available. Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980).

In this case, Plaintiff has an alternate adequate remedy in the Court of Federal Claims. See Carter, 411 F.2d at 773-74 (denying mandamus relief where the plaintiff sought back pay for an illegal discharge, disability retirement, and a promotion to the rank of colonel because relief was available for all requests in the Court of Federal Claims). Therefore, even if the court may exercise jurisdiction under the Mandamus Act, the court should decline to do so because Plaintiff may pursue relief in the Court of Federal Claims. See id. at 775.

### C. **The Administrative Procedure Act**

The Administrative Procedure Act grants district courts jurisdiction over two types of actions. 5 U.S.C. §§ 702, 704. Section 702 allows a district court to hear an action against the United States "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." Section 704 allows a district court to review final agency decisions "for which there is no other adequate remedy in a court."

Because Plaintiff's complaint clearly seeks monetary damages, only section 704 could apply. However, as explained above, the Court of Federal Claims could provide an adequate remedy for

8

Plaintiff. See Mitchell v. United States, 930 F.2d 893, 897 (Fed. Cir. 1991)(finding jurisdiction lacking under section 704 over claims by a former military officer seeking reinstatement, back pay, and active duty credit toward retirement). Accordingly, the Administrative Procedure Act's grant of jurisdiction does not extend to Plaintiff's action.[24]

### D. The Declaratory Judgment Act

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act does not grant jurisdiction, but only permits a district court to award declaratory relief when another basis for jurisdiction can be established. Jones, 609 F.2d at 781. So, it provides no help to Plaintiff.

Plaintiff has failed to affirmatively establish the court's jurisdiction; and, as discussed above, the court finds no applicable basis. Because jurisdiction cannot be presumed, the court must dismiss Plaintiff's action.

### IV. Conclusion

---

[24] Some authority indicates that sovereign immunity is not waived in circumstances such as this. See Ala. Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1228-29 (5th Cir.1976).

9

Based on the foregoing, the court **GRANTS** Defendant's Motion to Dismiss. In light of this ruling, the court cannot consider the merits of Plaintiff's complaint, as requested in the two motions he filed. Those motions are **DENIED AS MOOT**.

SIGNED in Houston, Texas, this 29th day of September, 2005.

_____
Nancy K. Johnson
United States Magistrate Judge